UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:23-CR-19-REW-HAI |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION[1] |
| | ) | & ORDER |
| MUFID ELFGEEH, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On November 8, 2023, counsel for Defendant Mufid Elfgeeh (at the time, George Scott Hayworth) filed a motion for a pretrial competency examination. D.E. 16. According to the motion, Defendant "has a lengthy history of mental health problems," including hallucinations dating back to 2016, for which he received treatment in the BOP. *Id*. Defendant

> reports that he continues to hear voices giving him instructions to do various things. He appears depressed and despondent. He is concerned about the state of his own mental health. While Mr. Elfgeeh was incarcerated pending trial at FMC Lexington, staff at that facility reported to Counsel that Mr. Elfgeeh had been expressed suicidal ideations and had been placed on suicide watch.

*Id*. Counsel has "had difficulty" discussing the case with Defendant. *Id*.

Before that motion could be thoroughly addressed, however, Defendant filed a *pro se* letter expressing dissatisfaction with counsel. D.E. 21, 22. Following a hearing, Travis Rossman was appointed in the place of Mr. Hayworth and the original competency motion was denied without prejudice. D.E. 24, 25.

---

[1] A finding that Defendant is unable to proceed to trial due to mental incompetency could be dispositive of his case. Thus, the Court proceeds via recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

1

On November 30, 2023, Mr. Rossman renewed the motion for a competency examination. D.E. 31. This motion incorporated the earlier motion and stated that Mr. Rossman has experienced the same difficulties in communicating with Defendant. *Id*.

> Elfgeeh demonstrated unusual and irrational behaviors that merit a competency examination. He presented to the first meeting with undersigned counsel with a large open wound on his forehead. Elfgeeh explained that the voices in his head told him to hurt himself yesterday so he banged his head against the wall or door until it bled. The wound appeared to be partially covered with toilet paper. The voices speak to Elfgeeh in Arabic although not in the same dialect he speaks. While he is currently receiving medication, he cannot make the voices stop. He is unsure what most of his medications are or what they do. The hallucinations affect Elfgeeh's ability to perceive and understand reality.
>
> Elfgeeh also expressed that he is experiencing visual hallucinations and flashbacks relating to past incidents where he was subject to violence. . . . He believes, but is not certain, that he was diagnosed with PTSD at some point by providers from the Bureau of Prisons based on these experiences.
>
> . . . .
>
> Elfgeeh reported that he began experiencing severe headaches and intermittent loss of consciousness about three weeks ago. He reported that he suffered a serious head injury from a beating he received from guards at another prison. Scars on his head and missing teeth corroborate his claim of prior injuries. Elfgeeh stated that stress makes his auditory and visual hallucinations worse. . . . While he is intelligent and articulate, his mental health problems appear to be uncontrolled.
>
> In addition to hallucinations, Elfgeeh also presented some mild disorganized thinking. The conversation frequently derailed to a discussion of his conditions of confinement and the severity of his hallucinations. Many of Elfgeeh's answers to questions were non-responsive to the call of the question. He sometimes displayed mild pressured speech.

*Id*.

The Court ordered a written response from the government. D.E. 33. The government expressed no objection to a competency evaluation and additionally requested an evaluation for sanity at the time of the offense. D.E. 35. Defendant replied and agreed "that a sanity evaluation

is appropriate at this stage." D.E. 37. The Court construed the defense's description of Elfgeeh's history of symptoms as providing notice of an insanity defense pursuant to Rule 12.2(a).

Defendant was ordered to undergo a competency and sanity examination at the Metropolitan Correctional Center in Chicago, Illinois. D.E. 42.

On March 22, 2024, the Court and parties received the thorough 24-page Forensic Evaluation ("the Report") from forensic psychologist Robin Watkins, along with a sanity Addendum. D.E. 54.

Defense counsel then obtained approval under 18 U.S.C. § 3006A to conduct an additional evaluation and hired Dr. Eric Drogan to evaluate Defendant at the Grayson County Detention Center. D.E. 55. The Court conducted a teleconference on April 24, at which the defense reported that Dr. Drogin had also found Defendant to be competent. D.E. 60.

On April 30, 2024, the Court then conducted an in-person competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d). D.E. 63. The parties stipulated to the admissibility of the Report, as well as to the Report's findings. The parties also waived introduction of other proof or argument and waived the right to examine or cross-examine the evaluator. They stipulated to Dr. Watkins's qualifications as an expert forensic psychologist. The defense entered Dr. Drogin's report as an exhibit, and both sides stipulated to the admissibility of his report and qualifications, and waived the opportunity to examine or cross-examine him.

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing the test as whether a defendant is "unable to understand the nature and

3

consequences of the proceedings against him or to assist properly in his defense"). Section 4247(d) of 18 U.S.C. governs the competency hearing and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework does not dictate which party bears the burden, which has led to disagreement among the Circuits. *See United States v. Carter*, No. 1:12-CR-29, 2013 WL 6668715, at *11 (E.D. Tenn. Dec. 18, 2013) (compiling cases).[2] Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See Medina v. California*, 505 U.S. 427, 449 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where the proof is "in equipoise").

The defense stipulated as to both the admissibility and the substance of the Report. Accordingly, the only proof concerning Defendant's competency is the expert analysis of Dr. Watkins, which was then uncontradicted by Dr. Drogin's brief report. The Report reflects personal observation, a review of Defendant's available medical history and status, sufficient psychological testing, and a thorough assessment of Defendant's abilities in light of the applicable competency standards. The author analyzed Defendant's history, course of evaluation, and testing performance. Dr. Watkins directly observed Defendant via interviews and subjected him to a

---

[2] The Supreme Court, in dicta, has stated that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence." *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) (citing 18 U.S.C. § 4241). However, the Sixth Circuit previously stated that "[t]he government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial." *United States v. Chapple*, 47 F.3d 1170 (6th Cir. 1995) (table).

4

battery of psychological testing. D.E. 54. Dr. Watkins reviewed Defendant's BOP medical and psychological records. *Id*. at 2.

The Report catalogs Defendant's history of both apparent psychological disturbances (and suicidal ideation) and attempts to advantage himself by feigning psychological disturbances and suicidal ideation. Most prominently, Defendant has a history of hearing voices, of engaging in antisocial behavior, and banging his head against walls.

The Report contains the following diagnoses under the DSM-5:

- Other Specified Personality Disorder, Antisocial Features
- Unspecified Other Substance-Related Disorder

D.E. 54 at 20. The Report notes that, "although it is highly likely that Mr. Elfgeeh feigned symptoms during this evaluation, a formal diagnosis of Malingering is not assigned at this time." *Id*. at 19. The Report found no current diagnosable mood disorder, trauma disorder, or psychosis. *Id*.

In addition to the psychological profile, Defendant was also evaluated for his capacity to understand the criminal charges and courtroom procedures. D.E. 54 at 20-24. The Report concludes:

> In sum, Mr. Elfgeeh displayed adequate factual understanding of court procedures. Although he did not always provide complete answers when questioned directly, he demonstrated his knowledge during other discussions and during interviews when he was cooperating at a higher level. He further demonstrated during the evaluation an ability to learn and retain new information with which he was previously unfamiliar. Mr. Elfgeeh also demonstrated a rational understanding of these procedures, showing the ability to apply abstract concepts relevantly to his case. Finally, he appears to possess the capacity to cooperate with counsel. He was highly assertive in presenting information he found pertinent to his case, and he appeared highly motivated to gather information (e.g., PDS records and information about the sequence of events when an individual is found NORI) he could use to weigh options in his case. He recognized the value of working with an attorney and he described motivation to work with his attorney. Although he was uncooperative and even hostile at times during the present evaluation, these

5

> behaviors appeared to be a manifestation of his antisocial personality traits and therefore represented a volitional choice, rather than a manifestation of mental illness.  Moreover, Mr. Elfgeeh does not meet criteria for a mental disorder that would impair his ability to understand the nature and consequences of the proceedings against him, or to assist properly in his defense.  Based on the totality of these findings, it is my opinion that despite the presence of Antisocial Personality features and a substance use disorder, those disorders do not presently impair Mr. Elfgeeh's ability to understand the nature and consequences of the proceedings against him, or to assist properly in his defense.  Consequently, it is the opinion of the undersigned that Mr. Elfgeeh is competent to proceed at this time.

D.E. 54 at 23-24.

Dr. Drogin's subsequent report (dated April 22, 2024) also concludes:

> Your client's examination results confirm that he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and also that he has a rational as well as factual understanding of the proceedings against him.
>
> Presumably due in large part to his present regimen of antipsychotic and anxiolytic medication, your client is currently competent to stand trial.

At the final hearing, defense counsel had no evidence to contradict the Report.  He said the Report was consistent with her interactions with Defendant since his return to this District.

In the Report, Dr. Watkins accurately applied the *Dusky* standard as codified in 18 U.S.C. § 4241(a) to determine that Defendant is competent.  The Report unambiguously supports a finding that both prongs of the *Dusky* competency test are met in this case, and its conclusions are unrebutted.  The Court also observed and interacted with Defendant at his competency hearing.  Defendant was composed and respectful to the Court throughout the proceedings and understood their nature.

For the foregoing reasons, the Court finds no evidence which tends to show that Defendant is not competent.  That finding, of course, precludes any finding of incompetency by a preponderance of the evidence.  Per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense.

Therefore, the undersigned **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge.  As discussed at the final hearing, any objection must be filed within **THREE DAYS** after entry.  Failure to object per Rule 59(b) waives a party's right to review.  Upon expiration of the objections period, this matter will be referred to Judge Wier for his consideration.

Finally, to facilitate review, **IT IS HEREBY ORDERED THAT** the Clerk of Court **SHALL FILE UNDER SEAL** the report by Dr. Eric Drogin and Dr. Drogin's CV.

This the 1st day of May, 2024.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge