UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:23-CR-19-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MUFID ELFGEEH, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Defendant Mufid Elfgeeh is charged with attempted murder, in violation of 18 U.S.C. § 1113.  *See* DE 1 (Indictment).  On November 30, 2023, Elfgeeh, through counsel, moved for a competency hearing and evaluation, explaining that Elfgeeh "demonstrated unusual and irrational behaviors" including hallucinations and "mild disorganized thinking."[1]  DE 31 (Motion).  The Government did not object and requested an evaluation for sanity at the time of the offense.  *See* DE 35 (Response).  Elfgeeh agreed "that a sanity evaluation is appropriate[.]"  DE 37.  United States Magistrate Judge Hanly A. Ingram granted DE 31 and ordered Elfgeeh to undergo a competency and sanity examination.  *See* DE 38 (Order).

Elfgeeh was transported to the Metropolitan Correctional Center in Chicago, Illinois ("MCC Chicago"), where he remained from January 8, 2024 to February 29, 2024.  *See* DE 43 (Status Report); 52 (same).  At MCC Chicago, Dr. Robin Watkins, a forensic psychologist

---

[1] This was Elfgeeh's second motion for a competency evaluation.  Elfgeeh filed his first motion for a competency evaluation on November 8, 2023  *See* DE 16 (Motion).  Prior to the motion hearing, Elfgeeh filed a *pro se* motion expressing dissatisfaction with counsel.  *See* DE 22.  Following the motion hearing, United States Magistrate Judge Hanly A. Ingram appointed Elfgeeh new counsel and denied the request for a competency evaluation without prejudice, stating that "[n]ew counsel is encouraged to consider whether a competency evaluation is warranted[.]"  DE 24 (Minute Entry).  The renewed motion again placed the issue before the Court.

1

employed by the Bureau of Prisons, evaluated Elfgeeh and generated a report. *See* DE 54 (Psychiatric Report). Ultimately, Dr. Watkins concluded that Elfgeeh is competent to proceed to trial. *See id.* at 23. After Dr. Watkins's report was filed and made available to the parties, Elfgeeh obtained approval per 18 U.S.C. § 3006A to retain Dr. Eric Drogan, a psychiatrist, to conduct an additional evaluation. DE 55 (Motion to Grant Access to Defense Psychologist). Dr. Drogin evaluated Elfgeeh at the Grayson County Detention Center and, as expressed in a much briefer report (DE 65), found Elfgeeh competent. *See* DE 60 (Minute Entry).

Judge Ingram conducted a final competency hearing on April 30, 2024. *See* DE 63. At the hearing, the parties stipulated to competency. *See* Final Competency Hearing, 4/30/2024 at 2:16. They also stipulated to the admissibility of Dr. Watkins's and Dr. Drogin's reports and qualifications, and waived opportunity to examine or cross-examine either expert. *See id.* at 2:16-2:45, 3:29-3:59, 4:10-4:19. The parties also waived introduction of other proof or argument. *See id.* at 4:00-4:09, 4:20-29.

Following the hearing, Judge Ingram issued a Recommended Disposition. *See* DE 64. Judge Ingram recommended that the undersigned find Elfgeeh competent to proceed, citing Dr. Watkins's Report, Dr. Drogin's report, the absence of contradictory evidence, and the Court's own observations. *See id.* Judge Ingram fully catalogued the record; he explained that Dr. Watkins's report "found no current diagnosable mood disorder, trauma disorder, or psychosis" and determined that Elfgeeh could understand the criminal charges and courtroom procedures. *See id.* at 5. Dr. Drogin's report likewise determined that Elfgeeh "has sufficient present ability to consult his lawyer with a reasonable degree of understanding" and "is currently competent to stand trial." *Id.* at 6 (quoting Dr. Drogin's Report). The defense did not dispute the proof. *See id.* Judge Ingram also noted that Elfgeeh "was composed and respectful to the Court throughout the

proceedings and understood their nature." *Id.* Judge Ingram assessed matters under *Dusky* and the statute and reached the only result the record signals.

Judge Ingram advised the parties of the three-day objection deadline. *See id.* at 7. That deadline has lapsed, and neither party has objected. The Court is not required to "review . . . a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985). Where the parties do not object to the magistrate judge's recommendation, they forfeit any right to review. *See* FED. R. CRIM P. 59 (limiting de novo review to "any objection" filed); *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017) ("When a party . . . fails to lodge a specific objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on appeal."); *see also United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008) (noting that "[t]he law in this Circuit is clear" that a party who fails to object to a magistrate judge's recommendation forfeits his right to appeal its adoption).

The Court has considered the recommended disposition, as well as the entire record and relevant authority, and agrees with Judge Ingram's recommendation. Judge Ingram's recommendation relies significantly on Dr. Watkins's report. *See* DE 64. That report applied the *Dusky* and statutory standards, finding that Elfgeeh "demonstrated an ability to learn and retain new information" as well as "a rational understanding of these procedures[,]" and "was highly assertive in presenting information he found pertinent to his case, and appeared highly motivated to gather information . . . he could use to weigh options in his case." DE 54 at 23-24. Dr. Drogin's subsequent and consistent report similarly explained that Elfgeeh "has sufficient present ability to consult his lawyer with a reasonable degree of rational understanding, and also . . . has a rational as well as factual understanding of the proceedings against him." DE 64 at 6. The defense did not

3

challenge these findings, and the Court, via the Magistrate Judge, did not independently observe any behavior that would conflict with Dr. Watkins's or Dr. Drogin's conclusions. *See id.*

Accordingly, the Court **ADOPTS** the Recommended Disposition (DE 64) and **FINDS** Elfgeeh competent to face further proceedings in this matter, including trial. Trial remains set for October 16, 2024. *See* DE 66.

This the 9th day of May, 2024.

Signed By:
*Robert E. Wier*
United States District Judge